Good morning, your honors. My name is Steve Montoy. I'm here representing the appellant. I believe that this case is a simple one. Section 101 of the Civil Rights Act created a new cause of action in direct response to a Supreme Court decision called Patterson v. McClain. Is that what Congress said? Yes.  Congress, yes, yes, it's not as simple as that though. They did say it was a new cause of action because they were specific when they enacted Section 101, they were expressing their dissatisfaction with the Supreme Court's decision in Patterson v. McClain which said there wasn't a cause of action. Was it an enactment or an amendment? It was an enactment. And it says so. The very face of the statute says be it enacted by Congress. It's an act of Congress. It's called the Civil Rights Act of 1991. Congress amends, do they? When they pass a law, do they say this is an amendment of Congress? Perhaps sometimes they do, but in this case they did not because they did more than amend. They created a new cause of action, a cause of action that surely could not have been brought before Section 101. That's not authentic. Congress say we now create a new cause of action. Is that what the legislative history is? Yes. In fact, it does say that. It does say they're creating a new cause of action in response to the assertion by Patterson v. McClain that such a cause of action did not exist. And there can be no doubt as a matter of history or as a matter of logic that before the passage of Section 101 of the Civil Rights Act of 1991, you could not bring a claim for racial harassment under Section 1981. You could not bring a claim. So clearly under – Well, I think you could until the Supreme Court decided Patterson. True, but after – Patterson, you need a statute to revise the cause of action that previously existed. That is correct. However, as the Supreme Court pointed out in the Roadway Express case, its opinion, its decision, its ruling regarding what Section 1981 meant is authoritative, and that's what the statute has always meant. That is our constitutional system. It's sort of an interesting intellectual exercise, and I'm sure we'll hear from the other side, but there's a statute. Lower courts say it does provide this cause of action. The Supreme Court comes along in Patterson. As I read Patterson, it says not only is there no cause of action, they say there never has been. Correct. Because of a textual reading of 1981. The Congress comes along, offended by apparently the majority of Congress, offended by what the Supreme Court's done, and inserts two new, two provisions into the existing act under the rubric of this Civil Rights Act of 1991. And are they saying the Supreme Court was wrong to say this wasn't there, or are they saying we accept that the Supreme Court says it wasn't there, we're now putting it in? I think it's the latter, Judge Hawkins, because Congress can express dissatisfaction with the rulings of the Supreme Court, but, of course, it can't reverse them. So I think under our constitutional system, for many, many decades now, the Supreme Court has the final word on what a statute means. What do we think of the fact that when Congress did this, they did not insert in the statute an embedded this is a new term we've learned in the last couple of years, an embedded, if you will, statute of limitations? I don't think that you have to take anything by that, because the embedded statute of limitations is embedded in the United States Code under 1658. This statute was clearly passed subsequent to 1658. This cause of action historically and logically arises from that enactment. So on the face of the statute, according to its plain meaning, this statute is governed by section 101 claims are governed by section 1658. And I think the Supreme Court has acknowledged in the North Star case, cited in our brief, that the presumption is that all States have a uniform four-year statute of limitations. Applying that statute to this case would also advance the purposes of section 1658, because then you'd have a uniform statute of limitations that would be applicable throughout this Court. Now there are several statute of limitations applicable throughout the jurisdictions governed by the Ninth Circuit and throughout the United States. So applying 1658 to this cause of action, a claim for racial harassment under section 101, would advance the purposes of the statute and would square very firmly with the plain language of the statute. I would like to reserve the remainder of my time for rebuttal. Thank you for your argument, counsel. Thank you. We have almost five minutes for rebuttal. Ms. Frenzy? Thank you. May it please the Court. Starting with the statutory language itself, 1658 states, except as otherwise provided by law, a civil action arising under an act of Congress enacted after the date of the enactment of this section may be commenced not later than four years after, et cetera. Within the context of 1658, the Congress does seem to be making a distinction between the terms enactment and amendment. And I would point out that 1658 itself has been amended subsequent to the Civil Rights Act of 1991. It was amended to clarify an issue under Sarbanes-Oxley. So here Are you asking us to read into 1658 the words newly enacted? I am asking you to read the word enactment in the context of the statute. And in the context of the Would you agree if those words appeared your cases stronger? Yes. I would agree, Your Honor. But I would also ask you to look at the statutory language of the Civil Rights Act of 1991 itself, in which Congress did not reenact 1981. Congress simply added to the preexisting language. Congress did not even restate 1981. It shows instead Did Congress create a new cause of action post-Patterson by this amendment? Congress, according to the Supreme Court in Rivers, created new rights and liabilities. But that's not the same as a new cause of action. All right. What's the difference? Well, you cannot rely on the Civil Rights Act of 1991 alone in order to bring an action under 1981. Because the Civil Rights Act of 1991 simply says insert the letter A before existing language of the statute, add subsection B, which is the definitional subsection that expanded the meaning of formation of contract, and it added subsection C, which codified a Supreme Court decision that said that section 1981 applied to private actions in addition to state actions. In all cases, you must refer back to the original language. There is nothing within the Civil Rights Act of 1991 by itself that creates a cause of action. It expands a preexisting cause of action, and you are required to go back to the Civil Rights Act of 1866-1870 in order to find that cause of action. And Congress assumed all of the gloss, both legislative and the judicial gloss, that came with the existing history under 1981. Our view is that Congress expanded the cause of action. You've got to rely on that, that Congress expanded it. Yes. Not that they said, by the way, we always intended that this was to be included, and the Supreme Court got it wrong when they said that that wasn't our intention. In fact, it was our intention, and we state it now clearly that it was our intention pre-1991. You're saying, no, that's not the argument. The argument is actually we're expanding it. Your Honor, that's correct. We believe that the better argument here is that the cause of action brought by the plaintiff-appellant arises under the preexisting 1981 language because you must utilize the Section A language in order to find a cause of action at all. Let's suppose Tara Love had walked into your office the week after Patterson was decided and that your firm didn't have a conflict and that it did plaintiff's work and said, you know, I've been reading this Civil Rights Act from right after the Civil War, and I want to bring an action against Pinnacle-Nissan for the following actions under 1981. What would you have told Tara? Well, there is no question at that point if the statute of limitations had expired at that point that the statute of limitations has expired. Now, I'm not irrespective of the statute of limitations on the merits. Oh, I'm sorry. You're right, Your Honor. The discrimination occurred two weeks before. Right. What you would have had to have told him, there is no such cause of action. Right. If his cause of action is based solely on post-formation conduct, the termination, then, yes. Now let's suppose that Tara Love comes back to you and says, good news, Congress has enacted the Civil Rights Act of 1991, and you remember that cause of action I was talking about before. I want to bring it. Can I bring that cause of action? What would your response be? It would be that you may bring that cause of action if we're still within the statute of limitations. And the statute of limitations remained. Post-Patterson, there was no cause of action. He comes to you post the Civil Rights Act of 1991. He has a cause of action. That's absolutely right, Your Honor. We do not in any way contend that Section B is unnecessary to plaintiff appellant's cause of action. Just that it cannot reasonably be said that the cause of action arises under Section B alone. Section B is simply a definition. The cause of action resides in Section A of the statute. And it's interesting to note that the legislative history of 1991 itself, the Civil Rights Act of 1991, assumed that the state statute of limitations would continue to apply. And we're talking mere months after Congress passed 1658, which talked about a new federal statute of limitations for new enactments. Suppose Congress, in a fit of magnanimity next week, amends the civil rights laws to include a cause of action based on sexual preference. Would that be a new cause of action? It would depend on how the ---- I would agree there's no such provision in the civil rights laws now. There is no such provision under the federal law. So if an employee, a prospective employee of Pinnacle Nissan came in to you, again, no conflict, and said, I applied for a job, and they said, are you gay? And I said, yes, I am, and I'm proud to be gay. They said, we don't hire gay people at this place. Get out of here. Unless Congress amended the Civil Rights Act, he has no cause of action, right? Right. But it depends ---- Even though that action by Congress would amend an existing statute, it would be creating a new cause of action, right? It would be, in that case, making his cause of action viable. It depends on how Congress ---- In this case, we're talking something very technical because of the way Congress chose to write both 1658 and the Civil Rights Act of 1991. On its face, 1658 doesn't appear to be ambiguous. In practice, it obviously is. We have dozens of cases in which courts have come to opposite conclusions and come up with issues that sort of walk the line that Your Honor is talking about. Was the case viable before the amendment, or was it ---- And if it was not viable before the amendment, is it therefore ipso facto a new cause of action? That's something that the Third Circuit, the Eighth Circuit, and the Seventh Circuit have declined to make that distinction because they recognize that under the legislative history of the Civil Rights Act of 1991 and 1658, you would be inconsistent with that language. And in addition, the court would be creating incredible confusion. We're not just talking about 19 ---- I'm not sure the court would be creating incredible confusion. We're just trying to figure out what Congress did. The combination would certainly result in practitioners not knowing what statute of limitations to apply, and in some cases having to apply different statute of limitations under the same statute, depending on whether the case, a particular cause of action, would have been viable before or after the amendment was passed. The confusion would go beyond the statute in 1981. It would go to all statutes passed before 1990 but amended after 1990. I'm quite sympathetic, actually, to your argument about confusion. And when I make a version of that argument about confusion when the government's dealing basically as you are with us in INS cases, their answer is, yes, confusing, and that's the law, and you have to follow it, meaning we're quite accustomed to confusing statutory structures. The legislative history of 1658 specifically indicates that a prime purpose of the statute is to simplify, and what Congress was probably most concerned about was preserving established expectations of the parties. Doesn't that history also suggest that Congress was concerned with statutes like 1981 incorporating state statutes of limitation and the fact that they were disparate around the country? Absolutely. The Congress was absolutely concerned about the value of uniformity of statute of limitations. Prior to 1658, it's clear that 1981 as well as 1983 incorporated state statutes of limitation. It's absolutely clear. But it's also clear that Congress put a higher value on not upsetting established expectations and a higher value on uniformity within states than it put on national uniformity. If their purpose was to rely on established expectations, if that's what Congress was doing when they enacted the statute, then how do you argue that what they did was create a further cause of action? I mean, then they changed it. Then they allowed now lawsuits that would change it. We're talking about two separate legislative histories, one under 1658 and one under the Civil Rights Act of 1991. And presumably Congress did not thoroughly consider the interplay of these two statutes, which creates the ambiguity and allows this Court to look at legislative history of both of these statutes. Thank you very much for your argument, counsel. You got some hard questions. You dealt with them very well. Mr. Montoya? Judges, there is no ambiguity in this statute. This statute is clear. And there is no confusion. Well, there seems to be a circuit split. Pardon me? There's a circuit split. There is a circuit split. I mean, some people seem to see it differently from the way you see it. Yes. And I have to say that those courts that see it differently, in my view, Your Honor, with all due respect to those courts, are not reading the statutory language, because it is clear this is an act of Congress, and this is most emphatically a new cause of action. And the statute is applicable to this new cause of action because it was enacted subsequent to Section 1658. I don't see any confusion. Breach of contract actions have one statute of limitations. Torts have another. All you do is have to ask Judge Hawkins questions. Could have I sued before the Civil Rights of 1991 was enacted? If not, then the four-year statute of limitations apply. If you could have sued, then the other statute of limitations applies. Or you could take the approach of the district court in Rogers v. Apple and say the entire statute was essentially reenacted and apply the four-year statute. That would create uniformity. But in addition to the clear language of the statute, this really does increase uniformity, and that's exactly what Congress had in mind. People shouldn't be guessing as to what state statute applies to a federal law, what tolling period applies, whether the Arizona common law of tolling or the California common law of tolling applies. That's the purpose of this statute. It is not confusing. And, moreover, I think that there is a long tradition in the United States Supreme Court and a long tradition in this Court of liberally construing the civil rights laws and protecting the civil rights laws. And certainly we have. There was a long tradition in the United States Supreme Court. True. And that tradition will reemerge. But in any event, in any event, there's also a tradition of construing the statute of limitations liberally to preserve a cause of action. That's a common law tradition that exists in every common law jurisdiction that I've seen. But was that cause of action always there, and it simply was preserved? Well, it depends. However, even if the cause of action is not there, then that makes the case stronger for applying the statute. Oh, that's right. I understand that argument. If, in fact, they created a new cause of action or enacted a sort of an extension or broadened the cause of action, then that would be the argument. Your Honor, in my opinion, that's an easy question. Terrell Love comes into your office after Patterson. He could not assert a claim. There was no cause of action. It's not a question of expanding or retracting. It's a question of creating a new cause of action was surely created because after Patterson and before Section 101, Terrell Love could not sue if he was racially harassed at work. And Congress found that so offensive that it enacted a new statute. And it's not definitional. It is substantive. It is substantive because it gives rise to a cause of action that the Supreme Court of the United States unequivocally announced could not exist. Ms. Franz, my friend, my colleague, said that applying our arguments to this case would disrupt settled expectations. But in the North Star case, North Star Steele v. Thomas, 515 U.S. 29, the United States Supreme Court said that the presumption is, as to statutes enacted after Section 1658, that the four-year statute will apply. So there was no expectation. First of all, there was no expectation after Patterson. The expectation arose with the passage, the enactment of Section 101. After Section 101 was enacted, the expectation was that Section 1658 would be applicable. So, in fact, the settled expectations are in favor of the applicability of Section 1658 to Section 101 claims. Second of all, that would enhance uniformity. And it is in consonance with the plain language of the statute. And, in fact, I would have to say that saying that the statute is inapplicable requires all kinds of judicial ledger domain. An act of Congress isn't an act of Congress. This is an act of Congress. It was passed after Section 1658.  Thank you, Your Honors. I appreciate it. Let me ask you this. Yes. Can Congress amend its acts? Can Congress amend? Yes. You call them enactments when they amend something? Yes. Okay. So that they can amend. Yes. Even though they say be it enacted, it can be an amendment. If it's an amendment, it might be treated differently from an original enactment. True. But I think the dispositive question, Judge Breyer, is whether a new cause of action was created. Section 1983 was amended to prohibit granting injunctions against state court judges. That didn't create a new cause of action. So the old law would apply as to Section 1983. The keystone is whether or not a new cause of action was created, which is surely the case in this case. Thank you. Thank both counsel for a very spirited argument. We appreciate it. It was very helpful. The case, it's argued, will be submitted.
judges: Hawkins, W.fletcher, Breyer